13-4764
*Feng v. Lynch*

BIA
Laforest, IJ
A095 941 034

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand fifteen.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YUEWEN FENG,
> *Petitioner,*

v.                                                          13-4764
                                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
> *Respondent.*

_____

FOR PETITIONER:          Guang Jun Gao, Law Offices of Guang
                         Jun Gao, LLP, Flushing, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**    Joyce R. Branda, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuewen Feng, a native and citizen of the People's Republic of China, seeks review of a December 4, 2013, decision of the BIA, affirming the October 19, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuewen Feng*, No. A095 941 034 (B.I.A. Dec. 4, 2013), *aff'g* No. A095 941 034 (Immig. Ct. N.Y. City Oct. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). For asylum applications like Feng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. The agency's adverse credibility determination is based on substantial evidence.

The IJ reasonably relied on multiple discrepancies among Feng's testimony, his asylum application, and his adjustment application, all of which called into question whether Feng was actually in China at the time of the alleged persecution. Feng's asylum application listed him as living in China from his birth in 1969 until 2009 when he fled to the United States. But at his hearing, he acknowledged the falsity of that statement and testified that he first entered the United States in December 1998, lived in Puerto Rico for five years, returned to China in 2004, and reentered the United States (without

inspection) in 2009.  When asked to explain, Feng first stated that a law firm filled out the application without his knowledge.  Then, after admitting that he provided his background information to the firm, Feng stated he did not know why his asylum application omitted his five years in Puerto Rico.  The IJ was entitled to rely on the discrepancy in making an adverse credibility determination, *see Xiu Xia Lin*, 534 F.3d at 163-64, and was not required to accept Feng's explanation, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Feng also testified that he applied for adjustment of status in Puerto Rico in 1998; however, Feng admitted that he denied ever filing for any immigration benefits during his interview with an asylum officer.  Feng also admitted that his adjustment application itself contained false statements regarding when he entered Puerto Rico.  Feng acknowledged that his application listed an earlier entry date in order to obtain the two years of residency necessary to adjust status, but at the same time insisted that he knew nothing about the adjustment application because it was filled out by another person.  The IJ was not required to credit this attempt to shift the responsibility for false information.  *See Majidi*, 430 F.3d at

4

80-81.  Because Feng admitted to lying on multiple occasions to obtain immigration benefits and because his false statements call into question his presence in China during the relevant periods, the IJ reasonably relied on the false statements to find Feng incredible.  See *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *see also Xiu Xia Lin*, 534 F.3d at 167. Accordingly, because all of Feng's claims rely on his credibility, the agency did not err in denying asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5